IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

**BRANDON MITCHELL,**

    **Plaintiff,**

v.   Case No. _____

**1st AVENUE TOURING, LLC, THE DIOP AGENCY, LLC, and**
**RADRIC DELANTIC DAVIS,**
**aka GUCCI MANE,**

    **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Brandon Mitchell, (hereinafter "Mr. Mitchell"), by and through counsel, and for his cause of action against the Defendants, 1st Avenue Touring, LLC (hereinafter "1st Avenue"), The Diop Agency, LLC (hereinafter "The Diop Agency"), and Radric Delantic Davis p/k/a Gucci Mane(hereinafter "Gucci Mane") (collectively referred to as "Defendants", and together with the Plaintiff may be referred to herein as the "Parties"), and would respectfully show and state unto the Court as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this cause of action under Missouri law, specifically for Defendants' failure to timely provide a refund of the deposit for a scheduled concert, breach of contract, unjust enrichment, misrepresentation, promissory fraud, conspiracy, and other violations of Missouri law.

2. Plaintiff Brandon Mitchell is an experienced concert promoter with a long-standing positive reputation in the concert and entertainment industry who alleges that Defendants failed to exercise their contracted obligations for a concert in Independence, Missouri in which Defendant Gucci Mane did not appear.

3. Defendants' actions are a direct breach of contract and caused serious financial damages to Plaintiff as well as serious damages to Plaintiff's reputation in the entertainment and concert promotion business.

4. Defendant's actions caused serious financial damages and losses for Plaintiff, including the loss of his deposit, the loss of his ability to profit from the ticket and associate sales at a concert, lost business opportunities, and other associated costs and expenses.

## PARTIES

5. Plaintiff Brandon Mitchell is an experienced concert promoter and a resident of Houston, Texas.

6. Defendant 1ST Avenue Touring, LLC is a Delaware limited liability company. Defendant 1st Avenue may be served with process through its registered agent, Paracorp Incorporated, located at 2140 South Dupont Highway, Camden, Delaware 19934.

7. Defendant The Diop Agency, LLC is a Georgia limited liability company with a principal place of business and mailing address located at 100 Galleria Parkway, Suite 1000, Atlanta, Georgia 30339. Defendant Diop may be served with process through its registered agent, eResidentAgent, Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

8. Defendant Radric Delantic Davis aka Gucci Mane, is an individual and musical performer and is a resident of Atlanta, Fulton County, Georgia.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, *et seq.*, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs.

10. Defendants were involved in a planned concert in Independence, Missouri which is the subject of this lawsuit, and have sufficient minimum contacts with the state of Missouri such that they are subject to jurisdiction in Missouri. Therefore, this Court has personal jurisdiction over Defendants.

11. Defendants conducted business in the Western District of Missouri. Furthermore, a substantial part of the events giving rise to Plaintiffs claims occurred in the Western District of Missouri. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Missouri.

## FACTUAL BACKGROUND

12. Plaintiff Brandon Mitchell is an experienced concert promoter in the concert promotion and entertainment business with an outstanding reputation.

13. Plaintiff regularly promotes concerts for various celebrities and musicians as well as hires talent to perform at concerts and venues around the United States.

14. Defendant 1st Avenue Touring and Defendant The Diop Agency promote and aid in producing concerts for multiple celebrities, including Defendant Gucci Mane.

15. Defendant Gucci Mane is a well-known hip-hop artist with a large fan base in the State of Missouri

16. Plaintiffs hired and promoted Gucci Mane to perform at a concert in Independence, Missouri at Silverstein Arena.

17. Plaintiffs hired Defendant Gucci Mane to Perform at Silverstein Arena in Independence, Missouri (the "Concert") for $100,000.00

18. Per the Contract, $50,000.00 of the $100,000.00 was provided to Defendants, with the $50,000.00 provided to Defendant The Diop Agency on or about May 30, 2019 *See Attached Exhibit A.* **[Gucci Mane Contract – A].**

19. Plaintiff provided the funds to a representative of Defendants, who then wired the funds to the Defendant The Diop Agency.

20. After receiving the funds, The Diop Agency then held the funds and, to Plaintiff's knowledge, still holds the funds and/or has transferred the funds to Defendants.

21. Due to the sole fault of Defendant Gucci Mane in cancelling the Concert, the Concert was never held nor rescheduled.

22. Due the Defendants failure to provide for the Concert, Plaintiff lost out of on all profits and funds he would have made from the Concert.

23. Defendants' failure to appear for the concert and/ or provide a return of the money deposit, in accordance with the Contract Agreement, is a direct breach of contract and a blatant misrepresentation based on their promised appearance of Defendant Gucci Mane at Silverstein Arena in Independence, Missouri on July 26, 2019, as agreed by the Parties and marketed to the general public.

24. Plaintiff suffered serious financial damages and reputational damages as a result of Defendants' direct breach of contract and other nefarious actions.

## COUNT I

## DECLARATORY JUDGMENT

4
Case 4:22-cv-00166-BCW   Document 1   Filed 03/10/22   Page 4 of 11

25. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 24 as if they were set forth fully herein.

26. Plaintiff is entitled to a declaratory judgment adjudging that:

   a. Plaintiff entered into a contractual relationship with Defendants for a musical performance at a set time and place;

   b. The Agreement was breached by Defendants, and Plaintiff is entitled to have all appropriate funds from the breached contract paid to Plaintiff with interest;

   c. Defendants breached the contract with Plaintiff;

   d. Defendants, on behalf of themselves and Gucci Mane, deliberately and/ or negligently misrepresented material facts that were relied upon by Plaintiff, thereby inducing Plaintiff to lose substantial sums of money and suffer reputation damage; and

   e. Defendants, on behalf of themselves and Gucci Mane, breached the fiduciary and contractual duties of good faith and fair dealing owed to Plaintiff.

## COUNT II

### BREACH OF CONTRACT & UNJUST ENRICHMENT

27. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 as if they were set forth fully herein.

28. Plaintiff has, at all times relevant hereto, fully and properly performed all of his obligations pursuant to his Agreement with Defendants.

29. Defendants have materially breached their Agreement with Plaintiff as a result of Defendant Gucci Mane's failure to appear for the Concert according to the written Agreement and Defendants' inappropriate and unprofessional actions regarding the

5

Case 4:22-cv-00166-BCW   Document 1   Filed 03/10/22   Page 5 of 11

cancellation and failure to provide a return of the security deposit, in contrary to the express terms of the Agreement.

30. Defendants have materially breached their Agreement with Plaintiff as a result of Defendants' failure to appear for the Concert according to the written Agreement and Defendants' inappropriate and unprofessional actions.

31. Plaintiff has suffered damages as a result of Defendants' material breaches of the Agreement in an amount to be proven at trial.

32. Due to Defendants' actions described herein, Defendants have received substantial benefit from Plaintiff's payment of the security deposit.

33. Plaintiff avers that Defendants have received a substantial benefit from the services provided by Plaintiff to assist Defendants' businesses and personal incomes.

34. Because Plaintiff has suffered significant financial and reputational damages as a result of Defendants' actions or lack thereof, Defendants have been unjustly enriched, and Plaintiff claims that an amount to be proven at trial is due to Plaintiff from Defendants to prevent a windfall to Defendants.

## COUNT III

### NEGLIGENT MISREPRESENTATION

35. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 34 as if they were set forth fully herein.

36. Defendants made representations of material facts that they knew to be false in their individual capacities and on behalf of Gucci Mane about the ability to provide performance services in compliance with the Agreement.

37. The false representations of material facts made to Plaintiff by Defendants including promising to perform in Independence, Missouri at a set time and location for the purpose of inducing Plaintiff to provide a security deposit to Defendants' for the Concert and performance and upon which Plaintiff relied in deciding to perform services for Defendants were made negligently, recklessly, and/ or intentionally without regard for the truth of the facts asserted.

38. As the direct and proximate result of each and every misrepresentation of material fact made to Plaintiff by Defendants, Plaintiff has sustained damages as set forth herein for which damages Plaintiff is entitled to recover in such amount as shall be determined at trial.

## COUNT IV

## PROMISSORY FRAUD

39. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 38 as if they were set forth fully herein.

40. Defendants, at the time the contract was executed with Plaintiff and throughout the contractual term, negligently or intentionally misrepresented to Plaintiff Defendant Gucci Mane's ability to perform the Concert.

41. Upon information and belief, Defendants agreed amongst the parties and the written contract that the performance for the Concert was to take place on July 26, 2019.

42. Upon information and belief, Defendants claimed that the Concert was cancelled due to the COVID-19 pandemic.

43. As part of this Contract, only a maximum of 10% of the deposit could be retained in the event of a cancellation.

44. Defendants falsely represented to Plaintiff that Defendant Gucci Mane would perform at the contracted date in accordance with the promises and agreements amongst the Parties, to which Plaintiff relied upon these representations to his detriment.

45. Defendants instead used the Agreement and other promises to Plaintiff deceptively to their benefit, to obtain monies without having to perform at the contracted date and time, and in breach of the Agreements and the duty of good faith.

46. Plaintiff relied upon these representations to their detriment, and as a result of Defendants' actions and/ or omissions, Plaintiff has lost income, incurred financial and reputational damages, lost additional costs, lost opportunities, attorneys' fees, and other damages.

47. As a direct and proximate result of the Defendants' misrepresentations and the stated obligations upon which representations the Plaintiff reasonably relied, the Plaintiff lost income, incurred damages, lost additional costs, lost opportunities, attorneys' fees, and other damages for which they are entitled to receive compensatory damages in such amount as to be determined at trial.

## COUNT V

## CIVIL CONSPIRACY

48. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 47 as if they were set forth fully herein.

49. At all times, the Defendants, 1st Avenue Touring, LLC, The Diop Agency, LLC and Gucci Mane, shared a common design between themselves in terms of cancelling the Concert and failing to provide Plaintiff the due return of his deposit.

50. Defendants unlawfully committed these actions by not giving knowledge to Plaintiff of such actions, nor making specific agreements with Plaintiff outside of the Concert agreement.

51. Defendants accomplished the overt act of not rescheduling or giving back the security deposit owed to Plaintiff or providing any forewarning to Plaintiff.

52. Plaintiff was injured by the acts of Defendants in that Plaintiff loss of his security deposit, marketing and event preparation expenses, lost expected profits and income from the show and suffered severe reputational damages in the industry and the local market.

53. Due to such actions of common design, all Defendant members are subject to liability as co-conspirators for any and all actions of any and all members.

## COUNT VI

## WRONGFUL CONVERSION

54. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 53 as they were set forth fully herein.

55. Plaintiff avers that the actions of Defendants amount to a wrongful conversion of the income and property of the Plaintiff resulting in direct losses and consequential damages to the Plaintiff for which Plaintiff is entitled to be compensated in an amount to be determined at trial.

56. The actions of Defendants, jointly and severally, and acting in concert with each other, were intentional, malicious, and calculated to deceive and defraud, and as a result thereof, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That a copy of this Complaint be served upon Defendants and that Defendants be required to file their Answers within twenty-one (21) days of the date of service thereof;
2. A declaratory judgment that Defendants herein breached agreements between Plaintiff and Defendants; that Defendants, on behalf of themselves and Gucci Mane, deliberately and/or negligently misrepresented material facts that were relied upon by Plaintiff, thereby inducing Plaintiff to lose substantial sums of money and suffer reputational damages; and that Defendants, on behalf of themselves and Gucci Mane, breached the fiduciary and contractual duties of good faith and fair dealing owed to Plaintiff;
3. That the Court adjudge that Defendants breached their contracts with Plaintiff;
4. That the Court adjudge that Defendants were unjustly enriched in their contractual relationship with Plaintiff;
5. That Plaintiff had and recovers judgment from the Defendants alleged herein as punitive damages;
6. That Plaintiff had and recovers judgment from the Defendants alleged herein as compensatory damages for loss of future earning ability resulting from Defendants' fraudulent inducement, breaches of contract, misrepresentations of material facts and other wrongful acts of the Defendants and for attorney and collection fees and statutory interest not to exceed $5,000,000.00;
7. That the Plaintiff has and recovers judgment from Defendants for punitive damages resulting from the Defendants' willful and intentional conduct and misrepresentations in an amount to be determined by a jury not to exceed $10,000,000.00;
8. Plaintiff reserves leave to amend this Complaint after further discovery of the facts;
9. That Plaintiff demands a trial by jury as allowed by law;

10. That Plaintiff be awarded late fees/interest, costs, pre-judgment and post-judgment interest on all such amounts, as provided by law;

11. Award Plaintiff costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

12. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

RESPECTFULLY SUBMITTED this the 10th day of March, 2022

*s/ William A. Wooten*
William A. Wooten (BPR #60397)
WOOTEN LAW OFFICE
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
William@wootenlawoffice.com

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

*s/ William A. Wooten*
WOOTEN LAW OFFICE